**Troy D. Greenfield,** OSB #892534
Email:  tgreenfield@schwabe.com
**Joel A. Parker,** OSB #001633
Email:  jparker@schwabe.com
**Sara C. Cotton**, OSB #085986
Email: scotton@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RONALD GREENSPAN,** in his capacity as **COURT-APPOINTED RECEIVER** for **AEQUITAS CORPORATE LENDING, LLC**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**FIELDSTONE FINANCIAL MANAGEMENT GROUP, LLC**, a Delaware limited liability company; **KRISTOFOR R. BEHN**, an individual; and **CHRISTINE R. BEHN**, an individual,<br><br>Defendants. | No.  3:17-cv-00233<br><br>**COMPLAINT**<br>**(Breach of Note; Breach of Guaranty; Breach of Security Agreement and Foreclosure of Security Interest; Money Had and Received; Unjust Enrichment)**<br><br>DEMAND FOR JURY TRIAL |

Ronald Greenspan, as the Court-appointed Receiver for Aequitas Corporate Lending, LLC, files this Complaint against the above-named Defendants.

Page 1 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

## PARTIES

1. Plaintiff Ronald Greenspan is a federally-appointed receiver ("Receiver") acting pursuant to Fed. R. Civ. P. 66, the provisions of 28 U.S.C. §§ 754, 959, and 1692, and under the authority granted by this Court's April 14, 2016, Order Appointing Receiver ("Receivership Order") in the United States District Court for the District of Oregon, Portland Division, Case No. 3:16-cv-00438-PK, titled *Securities and Exchange Commission v. Aequitas Management, LLC, et al.* ("Enforcement Action"). A copy of the Receivership Order is attached to this Complaint as **Exhibit 1** and incorporated herein.

2. Under the terms of the Receivership Order, the Receiver was appointed to serve as receiver for certain defendants and their subsidiaries and/or majority-owned affiliates (the "Receivership Entity"). Under the terms of the Receivership Order, the Receiver is responsible for taking custody and control of Receivership Property and bringing such legal actions as may be necessary to discharge his duties.

3. Aequitas Corporate Lending, LLC ("ACL") is an Oregon limited liability company with its principal place of business in the State of Oregon. ACL is part of the Receivership Entity and the dispute herein centers on Receivership Property.

4. On information and belief, Defendant Fieldstone Financial Management Group, LLC ("Defendant Fieldstone") is a Delaware limited liability company with its principal place of business in Massachusetts.

5. On information and belief, Defendants Kristofor R. Behn and Christine R. Behn (the "Behn Defendants") are individuals residing in Massachusetts.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 754, 959, 1692, and 1332.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all Defendants conducted business with ACL's predecessor in interest, a substantial part of the events or

Page 2 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

omissions giving rise to these claims all occurred in this District, and the contracts at issue in this dispute provide that the parties submit to exclusive jurisdiction of the state and federal courts of Multnomah County, State of Oregon and waive any objection that such venue is an inconvenient forum.

8. Jurisdiction and venue are also proper in this District because the Receiver filed Notices of the Receivership (including the SEC Complaint and the Receivership Order) in the various District Courts in which all of the Defendants and the Receivership Property are located within ten (10) days of entry of the Receivership Order, pursuant to 28 U.S.C. §§ 754 and 1692.

9. All conditions precedent to the filing of this action have occurred, been performed, excused or waived.

## BACKGROUND FACTS

10. On or about April 15, 2014, Defendant Fieldstone executed and delivered to Aspen Grove Equity Solutions LLC ("AGES") a Convertible Promissory Note (the "Note") in the original principal amount of $1.5 Million. A true and correct copy of the Note is attached and incorporated herein as **Exhibit 2**.

11. On or about April 15, 2014, Defendant Fieldstone executed a Commercial Security Agreement (the "Security Agreement") whereby Defendant Fieldstone granted AGES a blanket lien over certain personal property fully described in the Security Agreement (the "Collateral"). A true and correct copy of the Security Agreement is attached and incorporated herein as **Exhibit 3.**

12. AGES perfected its lien on the Collateral by filing a UCC-1 Financing Statement with the Delaware Secretary of State's office, under Filing No. 2015 5525760.

13. To further secure Defendant Fieldstone's complete and timely payment of the Note, on or about April 15, 2014, the Behn Defendants executed and delivered a guaranty (the "Guaranty"), whereby the Behn Defendants agreed to pay AGES all amounts owed to it by Defendant Fieldstone. A true and correct copy of the Guaranty is attached and incorporated herein as **Exhibit 4**.

Page 3 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

14. In addition to the Note, Security Agreement, and Guaranty, Defendant Fieldstone executed a Business Loan Agreement, Pledge Agreement, and Assignment and Assumption Agreement. True and correct copies of these documents are attached and incorporated herein as **Exhibit 5-7**, respectively. The documents executed by Defendant Fieldstone and the Behn Defendants in order for Defendant Fieldstone to borrow $1.5 Million from AGES are collectively referred to herein as the "Loan Documents."

15. On or about April 1, 2015, the Note, Security Agreement, Guaranty, and all other associated documents relating to the Fieldstone loan were assigned to ACL.

## FIRST CLAIM FOR RELIEF

### (Breach of Note)

16. Under the terms of the Note and Loan Documents, a default would occur if Defendant Fieldstone failed to make payment within five (5) business days of when a payment is due under the Note.

17. Defendant Fieldstone has failed to make payments due under the Note and, accordingly, is in default under the terms of the Note.

18. ACL and its predecessors in interest have performed all conditions precedent on their part to be performed under the Loan Documents, or such conditions have otherwise been excused.

19. As a direct and proximate result of Defendant Fieldstone's breach of the Note, ACL has been damaged in the principal amount of $1,625,270.04, plus interest in the amount of $272,774.49 accrued through January 21, 2017 and accruing thereafter at the rate of 17% per annum until fully paid, plus late fees in the amount of $9,074.43 accrued through January 21, 2017 and accruing thereafter as allowed under the Loan Documents. The Receiver is entitled to a judgment and money award against Defendant Fieldstone in those amounts.

20. Under the Note, Defendant Fieldstone must pay all of ACL's attorney fees and costs related to collecting amounts owed under the Note. The Receiver has incurred and continues

Page 4 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

to incur attorney fees and costs to collect the amounts due under the Note and the Receiver is entitled to a judgment against Defendant Fieldstone in the amount of those fees and costs.

## SECOND CLAIM FOR RELIEF

### (Breach of Guaranty)

21. The Receiver realleges the above paragraphs.

22. The Behn Defendants breached the terms of the Guaranty by failing to pay the sums due and owing to ACL under the Note.

23. By reason of the Behn Defendants' breach of the Guaranty, the Receiver is entitled to a judgment and money award against the Behn Defendants in the principal amount of $1,625,270.04, plus interest in the amount of $272,774.49 accrued through January 21, 2017 and accruing thereafter at the rate of 17% per annum until fully paid, plus late fees in the amount of $9,074.43 accrued through January 21, 2017 and accruing thereafter as allowed under the Loan Documents. The Receiver is entitled to a judgment and money award against the Behn Defendants in those amounts.

24. ACL and its predecessors in interest have performed all conditions precedent on their part to be performed by the Guaranty, or such conditions have been excused.

25. The Guaranty entitles ACL to recover its attorney fees and costs incurred to enforce the terms of the Guaranty. The Receiver has incurred and continues to incur attorney fees and costs in this action and is entitled to judgment against the Behn Defendants for those attorney fees and costs.

## THIRD CLAIM FOR RELIEF

### (Breach of Security Agreement and Foreclosure of Security Interest)

26. The Receiver realleges the above paragraphs.

27. Defendant Fieldstone breached the Security Agreement by reason of its default under the Note, as set forth above, which also constitutes a default under the Security Agreement.

Page 5 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

ACL thus is entitled to immediate possession of the Collateral and the foreclosure of its security interest.

28.  Defendant Fieldstone is responsible to place the Receiver in possession of the Collateral.  In the event Defendant Fieldstone does not immediately turn the Collateral over to the Receiver, the Receiver is entitled to be placed in possession of the Collateral by the Sheriff of this county or any other county.  Thereafter, the Receiver is entitled to foreclose ACL's security interest in the Collateral in any manner authorized by law.

29.  The Defendants may claim an interest in the Collateral, but the Receiver's interest in the Collateral is superior to any claims of right, title, or interest of the Defendants.

30.  The Security Agreement entitles ACL to recover its attorney fees and costs in relation to enforcing the Security Agreement.  The Receiver has incurred and continues to incur fees and costs in connection with this action and the Receiver is entitled to a judgment against Defendant Fieldstone for those attorney fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Money Had and Received)

31.  The Receiver realleges the above paragraphs.

32.  Beginning on or about April 15, 2004, Defendant Fieldstone became indebted to ACL's predecessor in interest in the sum of $1,500,000 for money had and received by Defendant Fieldstone for its use and benefit.

33.  Of the initial indebtedness, the amount of $1,500,000 remains due and owing, together with interest at the statutory rate of 9% from February 20, 2016, until fully paid.  The Receiver is entitled to a judgment and money award against Defendant Fieldstone in that amount.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

34.  The Receiver realleges the above paragraphs.

Page 6 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

35. ACL's predecessor in interest lent Defendant Fieldstone the sum of $1,500,000 at the specific request and behest of Defendant Fieldstone. Of the original amount loaned, the sum of $1,500,000 remains due and owing.

36. Unless Defendant Fieldstone is ordered to pay ACL the sum of $1,500,000, together with interest at the statutory rate of 9% from February 20, 2016, until fully paid, Defendant Fieldstone will be unjustly enriched in that amount to the detriment of ACL. Accordingly, the Receiver is entitled to a judgment and money award against Defendant Fieldstone in the amount set forth in this paragraph.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver respectfully prays as follows:

1. On its First and Second Claims for relief, for a judgment and money award against the Defendants, jointly and severally, in the principal amount of $1,625,270.04, plus interest in the amount of $272,774.49 accrued through January 21, 2017 and accruing thereafter at the rate of 17% per annum until fully paid, plus late fees in the amount of $9,074.43 accrued through January 21, 2017 and accruing thereafter as allowed under the Loan Documents;

2. On its Third Claim for Relief:

    (a) For a declaration that ACL's interest in the Collateral is superior to any claim, right, title or interest of the Defendants;

    (b) For a judgment of claim and delivery directing the Sheriff of this or any other county to take possession of the Collateral; and

    (c) For foreclosure of ACL's security interest in the Collateral in any manner provided by law;

3. On its Fourth and Fifth Claims for Relief, for a judgment and money award against Defendant Fieldstone in the amount of $1,500,000.00, plus interest accruing on that amount at the statutory rate of 9% per annum from February 20, 2016, until fully paid;

Page 7 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1

4. For the Receiver's attorney fees, costs and disbursements incurred herein; and

5. For any other and further relief as the court deems just and equitable.

Dated this 10th day of February, 2017.

        Respectfully submitted,

        SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Joel A. Parker*
Troy D. Greenfield, OSB #892534
tgreenfield@schwabe.com
Joel A. Parker, OSB #001633
jparker@schwabe.com
Sara C. Cotton, OSB #085986
scotton@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900
Of Attorneys for Plaintiff

Page 8 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\JAP\19891164.1