IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD GREENSPAN in his capacity
as Court-Appointed Receiver for
AEQUITAS CORPORATE LENDING, LLC,

                  Plaintiff,

                  No. 3:17-cv-00233-PK

     v.

                  ORDER

FIELDSTONE FINANCIAL MANAGEMENT
GROUP, LLC, KRISTOFOR R. BEHN, and
CHRISTINE R. BEHN,

                  Defendants.

HERNÁNDEZ, District Judge:

       Magistrate Judge Papak issued an Amended Findings and Recommendation [30] on

September 22, 2017, in which he recommends that this Court grant in part and deny in part

Plaintiff's Motion for Judgment on the Pleadings [16]. The matter is now before the Court

pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

       Defendants filed timely objections to the Magistrate Judge's Findings &

Recommendation. Def.'s Obj. ECF 32. When any party objects to any portion of the Magistrate

Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

As an initial matter, Defendants make an argument in their objections that was not presented to the Magistrate Judge in their briefing on Plaintiff's motion for judgment on the pleadings. Defendants contend that the Magistrate Judge erred in applying Delaware law to their fraud in the inducement defense. Defendants admit in their objections that "the issue of applicable law has not been meaningfully addressed by the parties." Def. Obj. 4. Defendants also applied Delaware case law to their own analysis of their fraud in the inducement defense in their briefing. Def.'s Resp. Pl. Mot. 35-38, ECF 21. As the choice of law issue was never squarely presented to Judge Papak, the Court declines to exercise its discretion to consider such argument at this point. *See Brown v. Roe*, 279 F.3d 742, 745–46 (9th Cir. 2002) (rejecting the Fourth Circuit's holding that a district court must consider new arguments raised for the first time in an objection to a magistrate judge's F&R); *United States v. Howell,* 231 F.3d 615, 622 (9th Cir. 2000) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." (citation omitted)); *Olmos v. Ryan*, No. CV–11–00344–PHX–GMS, 2013 WL 3199831, at *8 (D. Ariz. June 24, 2013) ("Generally, a district court need not consider new arguments raised for the first time in objections to an R & R.").

Defendants also object to Judge Papak's recommendation to strike their fraud in the inducement defense. The Court has carefully considered Defendants' objections and concludes

there is no basis to modify the Findings & Recommendation. The Court has also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation [30]. As discussed in the F&R, Plaintiff's Motion for Judgment on the Pleadings [16] is DENIED to the extent that Plaintiff seeks judgment on the pleadings, GRANTED in part and DENIED in part to the extent Plaintiff seeks to strike Defendants' affirmative defenses, and DENIED in part to the extent Plaintiffs seek in the alternative a more definite statement of Defendants' affirmative defenses. Defendants' affirmative defenses of absence of personal jurisdiction, fraud in the inducement, and usury are stricken from Defendants' answer. Defendants are also directed to provide within fourteen days of this Order a more definite statement of their asserted affirmative defenses of estoppel, failure to perform conditions precedent, fraud in the factum and/or equitable fraud, securities fraud, laches and waiver, statute of limitations, violation of statutory law governing enforcement of negotiable instruments, prevention of performance, unjust enrichment, and set-off and/or recoupment.

IT IS SO ORDERED.

DATED this _____2nd_____ day of January, 2018.


_____
MARCO A. HERNÁNDEZ
United States District Judge