IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD GREENSPAN in his capacity
as Court-Appointed Receiver for
AEQUITAS CORPORATE LENDING, LLC,	No. 3:17-cv-00233-PK

        Plaintiff,	ORDER

    v.

FIELDSTONE FINANCIAL MANAGEMENT
GROUP, LLC, KRISTOFOR R. BEHN, and
CHRISTINE R. BEHN,

        Defendants.

HERNÁNDEZ, District Judge:

    Magistrate Judge Papak issued a Findings and Recommendation [65] on August 22, 2018, in which he recommends that this Court grant in part and deny in part Defendants' Motion for Reconsideration [57]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl. Obj., ECF 67. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections. Though the Court is not convinced that this case presents a clear error requiring reconsideration, the Court has the discretion to reconsider and modify its interlocutory orders to correct mistakes. Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (citing *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. 1981)) ("[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."). In exercising that discretion, the Court adopts the conclusion reached by Judge Papak regarding striking the fraud in the inducement defense. Accordingly, Defendants may replead their fraud in the inducement defense to meet the requirements of Rule 9.

The Court has also reviewed the pertinent portions of the record *de novo* and finds no other error in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS in part Magistrate Judge Papak's Findings & Recommendation [65] Defendants' Motion for Reconsideration [57] is GRANTED in part and DENIED in part, and the

Court vacates its prior Opinion & Order [41] only to the extent it struck Defendants' fraud in the inducement defense without leave to amend. Defendants shall amend their pleadings within fourteen days of this Order to make a more definite and clear statement of their fraud in the inducement defense as discussed in Judge Papak's Findings & Recommendation.

IT IS SO ORDERED.

DATED this __18__ day of __Dec__, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge